```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------X
UNITED STATES OF AMERICA            :
                                    :
     - against -                    :    12 CR 31 (VM)
                                    :
JOSE MUNOZ,                         :    DECISION AND ORDER
                                    :
           Defendant.               :
------------------------------------X
```
**VICTOR MARRERO, United States District Judge.**

On April 20, 2020, Jose Munoz ("Munoz") moved this Court for an extension or equitable tolling of the deadline to file a motion to vacate, set aside, or correct his sentence of imprisonment pursuant to 28 U.S.C. Section 2255 ("Section 2255"). (See "Motion," Dkt. No. 1750.) For the reasons set forth below, the Court DENIES the Motion.

With a few exceptions not implicated here, motions under Section 2255 must be made within one year after the date on which the judgment of conviction becomes final. Section 2255(f)(1). In the context of postconviction relief, a judgment of conviction becomes final when the United States Supreme Court "affirms a conviction on the merits on direct review or denies a petition for a writ of certiorari, or when the time for filing a certiorari petition expires." Clay v. United States, 537 U.S. 522, 527 (2003). The Supreme Court denied Munoz's petition for certiorari on October 7, 2019. See Munoz v. United States,

140 S. Ct. 182 (Mem.) (2019). A Section 2255 motion by Munoz will thus be timely if filed by October 7, 2020.

Though Munoz still has almost half a year to file a motion under Section 2255, he argues that he needs an extension of time because he has not had access to a law library since August 2019 and thus cannot adequately prepare his motion. (See Motion.) However, neither attachment to the Motion substantiates his argument. Attachment A is a memorandum describing an August 4, 2019 homicide at FCC Coleman and requesting the cooperation of inmates during an investigation of the incident. Nothing in the memorandum indicates that Munoz was on lockdown because of the incident. (See id. at 4.)

Attachment B is a February 24, 2020 letter to Munoz from the Administrator of National Inmate Appeals. The letter reflects that Munoz claimed he was denied access to the law library at USP Coleman and requested as relief the institution of a system to enable inmates with active litigation to receive law library access during an institutional lockdown. (See id. at 6.) In response, the letter states that "accommodations are made for inmates who provide their Unit Team with proof of an ongoing case. Specifically, the Unit Team will provide the inmate with documentation which can be submitted with the legal

2

documents to the courts which will indicate the institution was in lock-down status." Id. This too reflects neither a lockdown nor that Munoz was actually denied law library access. On the contrary, it suggests that if Munoz offers his Unit Team proof of an ongoing case (such as this Decision and Order), the facility would either give Munoz library access or provide documentation substantiating a lockdown, which Munoz could then submit to the Court. As Munoz has not offered such documentation or other evidence that he cannot file a Section 2255 motion by October 7, 2020, the Court will deny the Motion at this time.

    Accordingly, it is hereby

    **ORDERED** that the motion of Jose Munoz for an extension of time to file a motion under 28 U.S.C. Section 2255 (Dkt. No. 1750) is **DENIED**. The Clerk of Court is ordered to mail this Decision and Order to Jose Munoz at P.O. Box 305, Jonesville, VA 24263.

**SO ORDERED.**

Dated:    New York, New York
           22 April 2020

_____
Victor Marrero
U.S.D.J.